IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KRYSTAL TUDELA,

                    Plaintiff,

        v.

MEDICREDIT, INC.,

                    Defendant.

Case No. 21 C 5515

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Krystal Tudela ("Tudela") brings this action against Defendant Medicredit, Inc. ("Medicredit"). Tudela alleges that Medicredit violated the Fair Debt Collection Practices Act (the "FDCPA") by attempting to collect a debt after Tudela filed a voluntary Chapter 13 Bankruptcy Petition and gained the protection of the automatic stay. Medicredit has moved to dismiss the claim for lack of subject matter jurisdiction and for failure to state a claim. (Dkt. No. 7.) For the reasons stated herein, the Court grants Medicredit's Motion to Dismiss.

## I.  BACKGROUND

Medicredit is a debt collection company retained to collect a debt Tudela incurred. (Compl. ¶¶ 3, 6–8, Dkt. No. 1). On January 17, 2021, Tudela filed a voluntary Chapter 13 Bankruptcy petition, gaining the protection of the automatic stay. (*Id.* ¶¶ 9–10.) After

the stay was in place, Medicredit called Tudela at least three times to collect the debt. (*Id*. ¶ 11.) On October 17, 2021, Tudela filed suit, alleging three violations of the FDCPA. On December 8, 2021, Medicredit filed a Motion to Dismiss the Complaint. (Dkt. No. 7.)

## II. LEGAL STANDARD

At the motion to dismiss stage, a court must "accept [] as true all well-pleaded facts alleged, and draw [] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). When considering a motion to dismiss, a court must identify in the pleadings allegations that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Conclusory legal allegations are not entitled to this assumption unless supported by factual allegations that plausibly give rise to the entitlement of relief. *Id*.

For a federal court to have the authority to hear a case, it must have subject matter jurisdiction over the dispute. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In a civil action, standing is a component of subject matter jurisdiction. *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018). Standing is an essential part of the case-or-controversy requirement of Article III of the U.S. Constitution.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). The first element of standing is "injury in fact," an actual or imminent invasion of a legally protected interest. *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The existence of a federal "cause of action does not affect the Article III standing analysis." *Thole v. U.S. Bank N.A.*, 207 L.Ed.2d 85 (2020). Rather, "Article III requires a concrete injury even in the context of a statutory violation." *Id.* at 1620-21 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

### III.  DISCUSSION

Medicredit argues that Tudela lacks standing to bring this case. In a series of recent decisions, the Seventh Circuit has repeatedly dismissed FDCPA cases for lack of standing where plaintiffs have failed to show that they took a specific action to their detriment as a direct result of a defendant's FDCPA violation. *See e.g., Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021); *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934 (7th Cir. 2022). This Court analyzed a similar issue in *Stallworth v. Terrill Outsourcing Grp., LLC*, No. 21 C 4332, 2022 U.S. Dist. LEXIS 97555 (N.D. Ill. June 1, 2022) and concluded that where no actual injury to the plaintiff is present, federal jurisdiction is not appropriate. Like in *Stallworth,* the

action giving rise to this claim is the attempted collection of a debt which did not cause the Plaintiff to take any action.

To address the standing issue, Tudela cites *Lavalle v. Med-1 Solutions, LLC.*, 932 F.3d 1049 (7th Cir. 2019). She argues that plaintiffs have standing when the FDCPA violation alleged involves a complete disregard for the provisions of the statute. However, unlike in *Lavalle*, Medicredit's phone calls did not cause Tudela to take any action, nor did they prevent her from acting in a manner related to the debt that she otherwise would have.

Tudela next argues that Medicredit's attempt to collect the debt during the stay violated the Bankruptcy Code and constitutes an injury-in-fact. In support, she cites *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), arguing that the violation is false, unfair, or unconscionable conduct under the FDCPA. However, the Supreme Court has ruled that ordinary civil courts are not the proper authority to apply the FDCPA in a bankruptcy context. *Midland Funding v. Johnson*, 137 S.Ct. 1414 (3027) Specifically the Supreme Court held that a civil court applying the FDCPA would "authorize a new significant bankruptcy-related remedy in the absence of language in the Code providing for it." *Id.* at 1415. Accordingly, Tudela's argument fails.

Tudela asserts that she was damaged by Medicredit and that Medicredit violated the FDCPA. However, Tudela does not allege

that the violation caused her to take any action that resulted in concrete and particularized harm. For the same reasons set forth in *Stallworth,* the Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

## IV.   <u>CONCLUSION</u>

For the reasons stated herein, Medicredit's Motion to Dismiss (Dkt. No. 7.) is granted.


**IT IS SO ORDERED.**


 

 

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 7/20/2022